Filed 8/25/21  P. v. Marez CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br> Plaintiff and Respondent,<br><br>v.<br><br>CARLOS ALBERT MAREZ,<br><br> Defendant and Appellant. | B308542<br>(Los Angeles County<br> Super. Ct. No. BA463818) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert C. Vanderet, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.

This appeal is from the trial court's summary denial of defendant and appellant Carlos Albert Marez's handwritten motion for resentencing under Penal Code section 1170.95.[1]

Instructed on the principles of direct aiding and abetting (and not the natural and probable consequences doctrine), a jury convicted appellant as an aider and abettor in November 2018 of attempted premeditated murder (§§ 664/187, subd. (a); count 1) and shooting at an occupied vehicle (§ 246; count 2). The jury also found true that both crimes were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)). Appellant was sentenced to 15 years to life on count 1, plus a stayed five-year term on count 2.

We affirmed appellant's conviction in his direct appeal in *People v. Marez* (June 23, 2021, B303215 [nonpub. opn.] (*Marez I*).)[2] In the meantime, prior to sentencing, in May 2019 appellant filed a handwritten motion to vacate his conviction under section 1170.95.[3] In the motion, appellant stated that he "was convicted of aiding and abetting, willful[] deliberate[] and premeditat[ed] attempted murder

---

[1]  Undesignated statutory references are to the Penal Code.

[2]  On our own motion, we take judicial notice of the record and opinion in *Marez I*.

[3]  Section 1170.95, as enacted by Senate Bill No. 1437 (S.B. 1437), provides that persons who were convicted under theories of felony murder or murder under the natural and probable consequences doctrine, and who could no longer be convicted of murder following the enactment of S.B. 1437, may petition the sentencing court to vacate the conviction and resentence on any remaining counts. (Stats. 2018, ch. 1015, § 1, subd. (f).)

2

and shooting an occupied vehicle under this bill '1437.' I am elig[i]ble to have my conviction vacated because [of] the now amended natural and probable consequences doctrine, which was used to convict[] me. [Target] offense and non-target offense [Penal Code sections] 664/187 and 246." Appellant stated that he was not requesting appointment of counsel.

After he was sentenced, in August 2020 appellant filed a handwritten letter to the superior court clerk requesting a copy of the court's ruling on his motion. The following month, a trial judge different from the judge who had sentenced appellant summarily denied his motion. Noting defendant's convictions for attempted premeditated murder, the court reasoned that appellant could not demonstrate that he "'could not be convicted of first or second degree murder because of changes made to Section 188 or 189 made effective January 1, 2019.'"

In this appeal, appellant contends that his attempted murder conviction is subject to the ameliorative provisions of S.B. 1437 and the petitioning procedures of section 1170.95, because he could have been convicted under the natural and probable consequences doctrine. He also contends it was error under section 1170.95 to have a judge other than the original sentencing judge rule on his motion absent a showing in the record that the original sentencing judge was unavailable.

We conclude that regardless whether section 1170.95 applies to attempted murder convictions under the natural and probable consequences doctrine, appellant's motion did not set forth a prima facie case for relief, because he was not convicted on that theory. As such,

3

the fact that a trial judge different from the sentencing judge ruled on the motion was not prejudicial.  We affirm the order.

## BACKGROUND[4]

On August 17, 2017, Christian Hernandez and about 10 other individuals attended a family barbeque at his mother's home on East 3rd Street in Los Angeles.  Around 11:45 p.m., Hernandez assisted others in cleaning up the front yard.  Several children were present.

A small, dark car (later determined to be appellant's blue Ford Escort) with two people inside drove up and stopped in the street in front of the home.  A man wearing a dark hooded sweatshirt covering his head got out of the passenger side and approached the house.  The man pointed a gun at the people in the yard, and asked Hernandez, "Where you from?"  Hernandez told the man to put the gun away because children were present.  Hernandez also said they were "from nowhere," and that the people present were "paisas" (meaning "just Mexicans" without gang connections).

The man ran back to appellant's car and got in on the passenger side.  After herding his family indoors, Hernandez ran to his car, thinking he could use it to block appellant's car from coming near his family.  Meanwhile, appellant's car had driven away on 3rd Street, then made a U-turn and returned to within 60 feet of Hernandez's car, at

---

[4]    We recite the factual background from our opinion in *Marez I*.

4

which point Hernandez's car and windshield were struck by at least one bullet.

Hernandez rammed his car into the front of appellant's car, pushing it toward the sidewalk and forcing it into a parked car. At least three shots had been fired at Hernandez before he rammed appellant's car. Numerous shots followed, for a total of up to 15 gunshots. Hernandez's girlfriend testified that when appellant's car had returned, she saw the person who had earlier approached the house; the person stood outside appellant's car and was shooting a rifle at Hernandez's car.

After ramming appellant's car, Hernandez drove away out of concern for his family. Meanwhile, two men from inside appellant's car ran off.

When officers from the Los Angeles Police Department arrived, they found 10-to-12 bullet casings in the street, and damage to the front end of appellant's abandoned Ford Escort. The car had no bullet holes in it, nor were any bullet casings found inside the car. The car's airbags had deployed, and appellant's blood was found on the driver's side airbag. Inside the car officers recovered a traffic ticket issued to appellant, a notebook and speaker (each containing gang writing), and two cell phones.

As relevant here, the court instructed the jury on attempted murder (CALCRIM No. 600), attempted premeditated murder (CALCRIM No. 601), union of act and intent (CALCRIM No. 252), general principles on aiding and abetting (CALCRIM No. 400), and aiding and abetting intended crimes (CALCRIM No. 401). The jury

5

instructions referred only to direct aiding and abetting. The jury did not receive instructions on attempted murder or attempted premeditated murder under the natural and probable consequences doctrine. (See CALCRIM Nos. 402-403.)

## DISCUSSION

1.    *Governing Law:  S.B. 1437 and Section 1170.95*

The legislature enacted S.B. 1437 "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, *did not act with the intent to kill*, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f), italics added; accord, § 189, subd. (e); *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)

Section 1170.95, as enacted by S.B. 1437, permits individuals who were convicted of felony murder or murder under the natural and probable consequences doctrine, but who could not be convicted of murder following S.B. 1437's changes to sections 188 and 189, to petition the sentencing court to vacate the conviction and resentence on any remaining counts. (§ 1170.95, subd. (a); see *Lewis*, *supra*, 11 Cal.5th at p. 959 ["section 1170.95 . . . provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief"].) A petition for relief under section 1170.95 must include a declaration by the petitioner that he or she is eligible for relief under section 1170.95 based on all the

6

requirements of subdivision (a), the superior court case number and year of the petitioner's conviction, and a request for appointment of counsel, should the petitioner seek appointment. (§ 1170.95, subd. (b)(2).)

Subdivision (c) of section 1170.95 provides: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

The Supreme Court recently clarified that subdivision (c) of section 1170.95 describes "only a single prima facie" stage of review. (*Lewis*, *supra*, 11 Cal.5th at p. 962.) Under subdivision (c), "a *complying* petition is filed; the court appoints counsel, if requested; the issue is briefed; and then the court makes one . . . prima facie determination." (*Id.* at p. 966, italics added.)

To determine whether a petitioner has made a prima facie case for section 1170.95 relief, the court ""takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause."' ([*People v.*] *Drayton* [(2020)] 47 Cal.App.5th [965,] 978.) . . . 'However,

7

if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner.'" (*Drayton*, at p. 979, quoting [*In re*] *Serrano* [(1995) 10 Cal.4th 447,] 456.)" (*Lewis*, *supra*, 11 Cal.5th at p. 971.) "[T]he parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case for relief under subdivision (c)." (*Id*. at p. 972.)

2.    *Analysis*

Appellant contends the ameliorative provisions of S.B. 1437 and the petitioning procedures set forth in section 1170.95 apply to attempted murder convictions under the natural and probable consequences doctrine, a theory on which he suggests his conviction could be based.  He is mistaken.

There is currently a debate in the case law whether or how section 1170.95 applies to attempted murder convictions based on the natural and probable consequences doctrine, and the question is pending before the California Supreme Court.[5]  Regardless of the ultimate outcome of

---

[5]    All of the cases on which appellant relies have addressed the application of S.B. 1437 and section 1170.95 to attempted murder convictions under the natural and probable consequences doctrine.  Those cases have either categorically excluded from section 1170.95 relief attempted murder convictions under the natural and probable consequences doctrine (*People v. Lopez* (2019) 38 Cal.App.5th 1087, 1103–1110, rev. granted Nov. 13, 2019, S258175 (*Lopez*); *People v. Harris* (2021) 60 Cal.App.5th 557, 566, rev. granted Apr. 21, 2021, S267529; *People v. Love* (2020) 55 Cal.App.5th 273, 279, rev. granted Dec. 16, 2020, S265445; *People v. Alaybue* (2020) 51

8

that debate, appellant is not entitled to relief: even if section 1170.95 is deemed to apply to attempted murder convictions under the natural and probable consequences doctrine, appellant's conviction was not based on that theory. The jury did not receive instructions on it (see CALCRIM Nos. 402-403),[6] and was not instructed on any target crime upon which the natural and probable consequences doctrine could be predicated. Obviously, the jury could not have convicted appellant on a theory it never received.

On the contrary, the instructions the jury received conclusively demonstrate that appellant was tried and convicted of direct aiding and abetting attempted premeditated murder. (See CALCRIM Nos. 401, 600-601.) Under those instructions, to convict appellant the jury had to find that he knew of the shooter's unlawful purpose and aided,

---

Cal.App.5th 207, 222; *People v. Dennis* (2020) 47 Cal.App.5th 838, 846, rev. granted July 29, 2020, S262184; *People v. Munoz* (2019) 39 Cal.App.5th 738, 753–760, rev. granted Nov. 26, 2019, S258234), or have held that section 1170.95 provides no relief for such convictions that are already deemed final (*People v. Sanchez* (2020) 46 Cal.App.5th 637, 642–644, rev. granted June 10, 2020, S261768; *People v. Medrano* (2019) 42 Cal.App.5th 1001, 1019, rev. granted Mar. 11, 2020, S259948; *People v. Larios* (2019) 42 Cal.App.5th 956, 969–970, rev. granted Feb. 26, 2020, S259983). The Supreme Court's grant of review in *Lopez* is limited to whether S.B. 1437 applies to "attempted murder liability under the natural and probable consequences doctrine." (*Lopez, supra*, S258175.)

[6] Under the natural and probable consequences doctrine, a defendant "'"who knowingly aids and abets criminal conduct is guilty of not only the intended crime [target offense] but also of any other crime the perpetrator actually commits [nontarget offense] that is a natural and probable consequence of the intended crime."'" (*People v. Chiu* (2014) 59 Cal.4th 155, 161.)

facilitated, promoted, or instigated the shooter's commission of murder. In other words, the jury had to find that appellant "'"share[d] the specific intent of the perpetrator"'"' to kill the victim. (*People v. McCoy* (2001) 25 Cal.4th 1111, 1118; accord, *People v. Prettyman* (1996) 14 Cal.4th 248, 259; *People v. Beeman* (1984) 35 Cal.3d 547, 560.) Our prior opinion in *Marez I* confirms this finding. (See *Marez I*, at p. 5 ["there was sufficient evidence to show that appellant was aware of the shooter's intent and had the specific intent to further his co-gang member's criminal conduct"].) Because the ameliorative provisions of S.B. 1437 and the petitioning procedures of section 1170.95 do not apply to appellant's conviction, the trial court did not err by summarily denying his motion. (See Stats. 2018, ch. 1015, § 1, subd. (f).)

In light on the foregoing, we reject appellant's second contention that reversal is required because Judge Vanderet (a judge other than the original sentencing judge, Judge Swain) ruled on his motion. Subdivision (b)(1) of section 1170.95 provides in part that a petition for resentencing "shall be filed with the court that sentenced the petitioner . . . . If the judge that originally sentenced the petitioner is not available to resentence the petitioner, the presiding judge shall designate another judge to rule on the petition." Our colleagues in Division Five have held this provision requires "the individual public official" who sentenced the petitioner to rule on the petition unless the record shows the presiding judge of the superior court determined that the "individual" was not available to rule on the petition. (*People v. Santos* (2020) 53 Cal.App.5th 467, 474.)

10

As discussed above, the record conclusively establishes that appellant was ineligible for relief under section 1170.95 as a matter of law.  Any alleged error in assigning his motion to a judge other than the sentencing judge without a showing that the sentencing judge was unavailable was not prejudicial.  (See *People v. Daniel* (2020) 57 Cal.App.5th 666, 679, rev. granted Feb. 24, 2021, S266336; see also *Lewis*, *supra*, 11 Cal.5th at pp. 973-974 [applying *People v. Watson* (1956) 46 Cal.2d 818 to erroneous denial of section 1170.95 petition prior to the issuance of an order to show cause].)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, Acting P. J.

We concur:


COLLINS, J.


CURREY, J.

11